# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32767**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Nathaniel E. NAKKEN**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 October 2024

————————————

*Military Judge*: Charles G. Warren.

*Sentence*: Sentence adjudged 31 May 2023 by SpCM convened at Offutt Air Force Base, Nebraska. Sentence entered by military judge on 26 July 2023: Bad-conduct discharge, confinement for 5 months, reduction to E-1, and a reprimand.

*For Appellant*: Lieutenant Colonel Jarett Merk, USAF; Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF; Major Regina Henenlotter, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and DOUGLAS, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The findings are correct in law, and the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice (UCMJ), 10

U.S.C. §§ 859(a), 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)).[*] Accordingly, the findings and sentence are **AFFIRMED**.


FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[*] Although not raised by Appellant, we note the period between Appellant's sentencing on 31 May 2023 and the date the case was docketed with this court on 8 January 2024 exceeded 150 days. *See United States v. Livak*, 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020) (establishing an aggregate sentence-to-docketing 150-day threshold for facially unreasonable delay in cases, like Appellant's, that were referred to trial on or after 1 January 2019). While we do not find this period of delay de minimis, after fully considering the record of trial and applicable case law, we conclude no relief is warranted. *See, e.g., United States v. Toohey*, 63 M.J. 353 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129 (C.A.A.F.); *United States v. Gay*, 74 M.J. 736 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).